UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MUNICH RE SYNDICATE LIMITED A/S/O OSI INDUSTRIES LLC., | Case No. 23-cv-02275 |
| | Judge J. Philip Calabrese |
| Plaintiff, | Magistrate Judge James E. Grimes Jr. |
| v. | |
| OFF THE GRILL & SEAFOOD INC. D/B/A SAFE & SOUND TRUCKING, | |
| Defendant. | |

# OPINION AND ORDER

Plaintiff Munich Re Syndicate Limited a/s/o OSI Industries LLC filed suit against Defendant Off the Grill & Seafood Inc. d/b/a Safe & Sound Trucking alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706. According to the complaint, Off the Grill & Seafood failed to ship food products at a specified temperature, resulting in the total loss of the shipment. (ECF No. 1.) On March 6, 2024, Plaintiff perfected service on Defendant. (ECF No. 5.) On April 19, 2024, the Clerk entered default against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 7.) Thereafter, Plaintiff moved for default judgment for a sum certain under Rule 55(b)(1). (ECF No. 8.) For the reasons that follow, the Court **GRANTS** the motion and **AWARDS** Plaintiff damages in the amount of $44,901.89 in principal, $5,736.72 in interest, and $402.00 in costs, for a total award of $51,040.61.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2023, Munich Re Syndicate Limited sued Off the Grill & Seafood for violating the Carmack Amendment, 49 U.S.C. § 14706. (ECF No. 1, ¶ 1, PageID #1.)

Because Off the Grill & Seafood failed to answer, defend, or otherwise plead in response to Plaintiff's complaint and the Clerk entered default against him, the Court takes the following allegations as admitted. Fed. R. Civ. P. 8(b)(6).

As a subrogee of OSI Industries LLC, Munich Re Syndicate Limited purchased a shipment of 22 pallets of food products, which Off the Grill & Seafood was to transport from Chicago, Illinois, to Warren, Ohio. (ECF No. 1, ¶¶ 6 & 7, PageID #2.) On September 14, 2022, Off the Grill & Seafood picked the shipment up from Chicago in good condition and prepared it for transport in a refrigerated trailer. (*Id.*, ¶ 9, PageID #3.) Despite the instructions in the bill of lading (ECF No. 1-3, PageID #13) and the carrier dispatch load confirmation (ECF No. 1-4, PageID #15), Off the Grill & Seafood's driver erroneously set the temperature of the refrigerated trailer at minus 10 degrees Fahrenheit—approximately 40 degrees colder than instructed (*id.*, ¶¶ 9–11, PageID #3). Upon delivery, Munich Re Syndicate's designated consignee rejected the shipment because the goods were frozen and damaged. (*Id.*, ¶¶ 14 & 17, PageID #4.)

Munich Re Syndicate complied with all terms governing the shipment of the food products and, on April 27, 2023, gave written notice to Off the Grill & Seafood of

the loss. (*Id.*, ¶ 16.) To date, however, Off the Grill & Seafood has refused to pay the claim. (*Id.*)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default on well-pleaded allegations establishes defendant's liability, but the plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antoine*, 66 F.3d at 110.

Under Rule 55(b)(1), the Clerk may issue a default judgment "for a sum certain or a sum that can be made certain by computation . . . with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). Claims for damages are not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled. *National Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143 at *2 (N.D.

Ohio May 10, 2021) (concluding that an affidavit calculating a sum certain based on installment contracts not referenced in the complaint was insufficient). Further, Rule 55(b)(1) applies only where a plaintiff seeks judgment against a party that never appeared. *Citizens Banks v. Parnes*, 376 F. App'x 496, 505 (6th Cir 2010).

On April 19, 2024, the Clerk entered default against Defendant, who never answered or appeared. (ECF No. 7.) Plaintiff seeks default judgment under Rule 55(b)(1) for a sum certain totaling $51,040.61. (ECF No. 8-3, ¶ 10, PageID #46–47.) That sum includes $44,901.89 in principal for the lost goods, plus $5,736.72 in interest at 8% per annum, and $402.00 in costs. (*Id.*, ¶¶ 8–10, PageID #46–47.) Plaintiff's attorney filed an affidavit in support of the motion swearing that the principal amount that Plaintiff lost is $44,901.89. (*Id.*, ¶ 10, PageID #47; *see also* ECF No. 1, ¶¶ 16–18, PageID #4.) Also, Plaintiff's attorney calculated the interest accrued from the date of the breach through the default notice and provided proof of the $402.00 in costs. (ECF No. 8-3, ¶ 10, PageID #46–47; *id.*, PageID #49.)

Based on the affidavit, and because at this stage of the proceedings the allegations in Plaintiff's complaint are treated as admitted under Rule 8, Plaintiff has demonstrated that there is no doubt it is entitled to the sum certain of $51,041.61 for which it seeks a default judgment.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. (ECF No. 8.) Accordingly, the Court **AWARDS** Plaintiff $51,041.60 in total damages.

**SO ORDERED.**

Dated: May 22, 2024

J. Philip Calabrese  
United States District Judge  

Northern District of Ohio